**UNITED STATES of America for the use and benefit of FRANK A. TRUCCO AND SONS COMPANY, Plaintiff-Appellee,**

v.

**BREGMAN CONSTRUCTION CORP., and New Amsterdam Casualty Company, Defendants-Appellants.**

**No. 12262.**

United States Court of Appeals
Seventh Circuit.

June 20, 1958.

Cecil E. Magid, Chicago, Ill., Edmund A. Schroer, Hammond, Ind., Harry Okin, Chicago, Ill. (Weissenbach, Hartman, Craig, Okin & Magid, Chicago, Ill., Lawyer, Friedrich, Petrie & Tweedle, Hammond, Ind., of counsel), for appellant.

Walter C. Healy and Daniel M. Healy, Chicago, Ill. (Healy, Newby, Barrett & Healy, Chicago, Ill., and Galvin, Galvin & Leeney, Hammond, Ind., of counsel), for plaintiff-appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit Judge.

An action was brought in the name of the United States of America, by use-plaintiff, Frank A. Trucco and Sons Company (Trucco), under the Miller Act, 40 U.S.C.A. §§ 270a–270d, against defendants, Bregman Construction Corp. (Bregman), as principal contractor, and its surety, New Amsterdam Casualty Company, for an alleged balance of $17,-056.35 due from Bregman for materials furnished and work performed by Trucco as Bregman's sub-contractor in the construction of certain facilities for the United States at Tremont, Indiana. By their answer, defendants sought a stay of the proceedings pending arbitration of the dispute between the parties as required by a written contract dated September 24, 1956, between Bregman, as principal contractor, and Trucco, as sub-contractor.

After a hearing on use-plaintiff's motion and an affidavit filed in support, the district court entered an order in which it found that defendants had waived their rights to arbitration under the contract of September 24, 1956, due to the filing by defendant, Bregman, of an action in the State of New York against use-plaintiff's surety, Standard Accident Insurance Company, for damages resulting from an alleged breach of the contract by use-plaintiff. The order of the district court enjoined defendants from proceeding with the arbitration previously commenced by defendant Bregman; declared all acts and proceedings of the American Arbitration Association in such arbitration null and void; and ordered that the allegations in Bregman's answer relating to defendants' right to arbitrate under the contract be stricken. This appeal is from that order.

In entering the order denying arbitration, the district court had before it the complaint and answer together with use-plaintiff's motion and the affidavit of its president, Frank A. Trucco. Neither party offered oral testimony. From these papers the following pertinent facts appear.

About September 20, 1956, defendant Bregman contracted with the United States of America (Department of the Army) to construct certain facilities, and on September 24, 1956 entered into a sub-contract with Trucco to furnish materials and perform work in the amount of $87,000 covered by its prime contract. Both parties commenced and performed work under their contract and sub-contract, respectively.

Bregman furnished a payment bond to the United States of America in the penal sum of $1,087,950 by the terms of which it bound itself for the payment of all labor and materials used in the construction of the project covered by the contract. Trucco provided a contract bond with Standard Accident Insurance Company as surety by which it bound itself for the faithful performance of the sub-contract.

In the contract of September 24, 1956 between Bregman and Trucco provision was made for arbitration as follows:

"(O). Any controversy or claim arising out of, or relating to, this sub-contract or the breach thereof shall be settled by arbitration, in accordance with the Rules of the American Arbitration Association * * *."

Prior to the instant action, Bregman had filed its suit in the Supreme Court of New York County, State of New York, against Trucco's Surety, Standard Accident Insurance Company, to recover damages against Trucco for alleged breach of its sub-contract of September 24, 1956. This case was later transferred to the United States District Court for the Southern District of New York. Trucco was not made a party defendant to this New York action.

Subsequently, the present action was commenced by Trucco in the United States District Court for the Northern District of Indiana. Thereafter, Bregman filed a demand for arbitration with the American Arbitration Association. The American Arbitration Association

then advised the attorneys for Trucco that it must proceed with the administration of the arbitration as provided by its rules, and that Trucco's attorneys would either have to choose arbitrators on or before a specified date from a list submitted to them or such arbitrators would be chosen by the Association and the arbitration would proceed as a default matter and the rights of the parties, which are the subject matter of this instant suit, would be determined by the Association. This, then, gave rise to plaintiff's motion and the resulting order of the district court.

■ The ultimate issue is whether or not the filing of the action for damages in New York by defendant Bregman against use-plaintiff's surety constituted waiver on the part of Bregman of its right to arbitration under the contract of September 24, 1956 between Bregman, as principal contractor, and Trucco, as sub-contractor.

■ Bregman invokes the Arbitration Act, 9 U.S.C.A. § 3, which provides in part as follows:

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, * * * shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Without question, in a proper situation, the Arbitration Act applies in proceedings brought under the Miller Act. Agostini Bros. Bldg. Corp. v. United States, 4 Cir., 1944, 142 F.2d 854, 855.

Appellants contend that this is a proper case for arbitration since the New York action by Bregman against use-plaintiff's surety is one for damages under the performance bond given to cover the sub-contract, while the case at bar is an action by use-plaintiff under the Miller Act against Bregman and its surety under the payment bond given to the United States for labor and materials furnished on this project. Thus, they urge, that the actions are upon separate and distinct bonds and the rights and obligations of the principals and their sureties under each bond are different; and that, since the actions do not involve the same issues or parties, Bregman cannot be held to have waived its right to arbitration in bringing the New York action.

Appellee answers these basic contentions by pointing out that since Bregman filed its New York suit against use-plaintiff's surety seeking damages for use-plaintiff's default, the surety stands in its principal's place with respect to its liability to Bregman just as much as if use-plaintiff had been joined as a co-defendant. Additionally, appellee maintains that this New York action was a positive election by Bregman to repudiate the arbitration clause and determine the controversy through court action and that use-plaintiff took no action in the New York case to invoke its right under the arbitration clause. Appellee points out further that it elected to repudiate the arbitration clause when it filed its action against defendants in Indiana; that the New York action is still pending with Bregman as plaintiff; and that Bregman's demand for arbitration now comes too late since all that has preceded it constitutes an absolute waiver on the part of Bregman. It is further maintained that while Bregman's surety is not a party to the New York action it has no rights paramount to its principal as regards arbitration.

We conclude that the district court properly determined this matter. To hold otherwise would place Bregman in the unique and untenable position of demanding the right to litigate one phase of its dispute with Trucco while at the same time insisting upon arbitration of another phase of its dispute, all of such controversy arising out of its sub-contract with the other disputant.

First, it is clear that the right of a contractor to arbitration does not exist in the surety on the contractor's performance bond since the surety is not a party to the contract. The surety would be entitled at most to a stay of action on its principal's bond until the owner's rights to compel arbitration of disputes arising under the contract were determined. See Modern Brokerage Corp. v. Massachusetts Bonding & Ins. Co., D.C.S.D.N.Y.1944, 54 F.Supp. 939.

On the question of whether Bregman waived his rights to arbitration, appellee finds support for its contentions in Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004, which was a suit to compel arbitration under the Arbitration Act. In that case Bossert refused to pay for lumber sold it by Krauss, and Krauss brought suit in a state court for the purchase price. In its answer in the state action Bossert pleaded an arbitration clause in the contract of sale and offered to submit the controversy to arbitration. Subsequently, Krauss moved to dismiss the suit and wrote Bossert accepting its offer to arbitrate. The motion for dismissal was overruled by the state court; Bossert then refused to arbitrate, and Krauss filed a new cause in the federal district court. The district court granted an order compelling Bossert to arbitrate and the Court of Appeals for the Second Circuit affirmed the order for arbitration, notwithstanding the fact that Krauss had commenced a suit in the state court in the first instance. The Court of Appeals enforced arbitration on the ground that Bossert had offered to arbitrate by its answer in the state court and that this gave Krauss the election to accept or refuse the offer to arbitrate even though Krauss had originally repudiated its own promise to arbitrate by filing its state action. The court went on to indicate:

> "*The state action was indeed a repudiation of the plaintiff's own promise to arbitrate;* it gave the defendant an election, taking the plaintiff at its word, to put an end to the arbitration clause, or to insist upon performance. By its plea in the answer it chose the second course." (Our emphasis.) (Id., at page 1006).

We hold, in the instant case, that Bregman, by filing its New York action, repudiated its own promise to arbitrate as set out in its sub-contract with Trucco. This repudiation gave use-plaintiff the election of arbitration which it did not exercise in the New York action. By filing its complaint under the Miller Act in this court use-plaintiff then made its election not to arbitrate. Thus, each party elected not to arbitrate, the one by filing an action in New York for alleged failures on a performance bond, and the other by bringing suit in Indiana for money alleged due for labor and materials under a payment bond, both actions arising out of the same sub-contract. We hold that Bregman thereby conclusively waived its right to arbitration in the instant case.

In view of our holding it necessarily follows that the trial court did not err in striking from appellants' answer the allegations relating to their right to a stay pending arbitration. Other questions raised by appellant need not be considered further.

The order of the district court is

Affirmed.