**UNITED STATES of America, for the Use of WRECKING CORPORATION OF AMERICA, Petitioner, Appellant,**

v.

**EDWARD R. MARDEN CORP. et al., Respondents (two cases).**

**Appeal of EDWARD R. MARDEN CORP.**

Nos. 7201, 7202.

United States Court of Appeals First Circuit.

Heard Jan. 3, 1969.

Decided Jan. 27, 1969.

Steven James Cohen, Boston, Mass., with whom Edward J. Barshak and Sugarman, Alberts, Rogers & Barshak, Boston, Mass., were on brief, for United States of America for the use of Wrecking Corporation of America.

Stanley S. Ganz, Boston, Mass., with whom Charles H. Riley, Jr., and Ganz & Ham, Boston, Mass., were on brief, for Edward R. Marden Corp., and others.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Wrecking Corporation of America (Wrecking), was a subcontractor under Edward R. Marden Corp., which had a contract to construct a building for the Navy. As required by the Miller Act, 40 U.S.C. § 270a et seq., Marden posted a payment bond with two sureties, Planet Insurance Company and American Re-Insurance Company. Work was completed by Wrecking in December, 1966. There remained something in excess of $52,000 claimed from Marden by Wrecking under the subcontract, plus additional expenses allegedly caused by Marden's obstructing Wrecking in pursuing its work.

Wrecking made demand on Marden for arbitration under the subcontract in November, 1967, and no response forthcoming, filed in district court on January 19, 1968 a "Petition to Compel Arbitration" against Marden, Planet and American.

The district court held that Marden should proceed to arbitration but dismissed the complaint against the sureties because suit had not been brought within one year from the last day of work, as required by 40 U.S.C. § 270b(b). Marden appeals from the former decision, Wrecking from the latter. We affirm both.

Wrecking's attempt to overleap the statutory barrier of 40 U.S.C. § 270b(b) is based on the contention that, since there was a valid arbitration clause in its contract with Marden, and since both its demand for arbitration and its petition seeking an order to arbitrate occurred within a reasonable time after the dispute arose, there is a conflict between the United States Arbitration Act, 9 U.S.C. § 1 et seq., and the one year limitations provision of the Miller Act, 40 U.S.C. § 270b(b) which should be resolved by giving "procedural priority" to the arbitration provisions. Not to do so, goes the argument, would prohibit all suits where arbitration proceedings took more than a year following the last performance under the agreement.

■ This argument overlooks the means traditionally relied upon to avoid any such inconsistency—the bringing of suit within the limitations period, followed by a stay of such proceedings pending the results of arbitration. It is in the sense of requiring a stay, not of eliminating the requirement that suit be brought within a year, that procedural priority is given to arbitration. Agostini Bros. Bldg. Corp. v. United States, Use of Virginia-Carolina Electrical Works, Inc., 142 F.2d 854 (4th Cir. 1944). To accept Wrecking's novel argument, for which no pertinent authority has been cited, would defeat the protection given sureties by 40 U.S.C. § 270b(b).

■ As of Marden's appeal, it is based on the hypertechnical point that since the petition for an order seeking arbitration recites the Miller Act as the source of jurisdiction, the running of the statutory period should bar the claim against the contractor, as well as the sureties. Such an attempted elevation of form,

easily amendable, to substance can be explained only by the tactics of litigation. It does not merit discussion.

Affirmed.