JACK SCHWARZ *et al.*, Plaintiffs-Appellees, v. CONNIE BUELL *et al.*, Defendants-Appellants.—SAM S. PESSIN, Plaintiff-Appellee, v. LAURA HAMILTON, Defendant-Appellant (Hamilton-Buell, Inc., *et al.*, Counterplaintiffs-Appellants, v. Magna-Fab, Ltd., *et al.*, Counterdefendants-Appellees).

Fifth District   Nos. 5—85—0131, 5—85—0350 cons.

Opinion filed August 13, 1985.—Rehearing denied September 12, 1985.

Bernard A. Reinert and Thomas J. Burnside, both of Leritz, Reinert & Duree, P.C., of St. Louis, Missouri (David M. Duree, of counsel), for appellants Hamilton-Buell, Inc., Howard Hamilton, Laura Hamilton, Terry Buell, and Connie Buell.

Robert E. Wells, Jr., of Pessin, Baird & Wells, of Belleville, for appellees.

PRESIDING JUSTICE JONES delivered the opinion of the court:

This consolidated appeal revolves around the sale of the corporate assets of Magna-Fab, Ltd., under a sales agreement containing an arbitration clause. Part of the purchase price included promissory notes and personal guaranties executed by the buyers in favor of the sellers. The sellers subsequently brought three separate suits in St. Clair County against the buyers, seeking to recover upon the various promissory notes and personal guaranties which were given pursuant to the sales agreement. These suits were filed in March,

May and July of 1982. On December 20, 1982, the buyers answered with, *inter alia,* the affirmative defenses that the notes and guaranties were procured by fraud in the inducement and by misrepresentation. The buyers also counterclaimed for money damages based upon the same theories.

On January 19, 1983, the sellers moved to dismiss the counterclaim, contending that the dispute was subject to the arbitration provisions contained in the sales agreement between the parties. The buyers argued that the sellers waived any right to rely on the arbitration clause when they brought suit on the notes and guaranties and failed to comply with the contractual procedures for invoking arbitration. On March 18, 1983, the circuit court entered an order denying the sellers' motion to dismiss the counterclaim. On April 15, 1983, the sellers filed a motion to reconsider, seeking dismissal of the counterclaim on the grounds that the claim should be arbitrated. On January 28, 1985, the circuit court of St. Clair County entered an order dismissing the counterclaim and ordering the parties to submit to arbitration regarding only those issues raised in the counterclaim in accordance with paragraph 16 of the sales agreement. That paragraph provided:

> "16. In the event of any dispute or issue arising between the parties concerning any matters pertaining to this agreement or the sales transactions referred to herein the same shall be settled by arbitration. The asserting party shall notify the other party of the claim asserted by written specifics within 10 days of its accurrance [*sic*] or having reasonably had knowledge thereof and if within five days thereafter the matter is not amicably resolved, each party shall within the following five (5) days notify the other in writing of its selection of its arbitrator, his address and telephone number and said selected arbitrator shall then within an additional ten days meet and select a third arbitrator. This 3 person arbitration panel shall promptly have [*sic*] the issue and then by majority vote, resolve and determine the issue and give written notice thereof to all parties. The period from time of selection of the complete arbitration panel to its decision shall not exceed thirty (30) days. Said decision shall be final and binding upon the parties. Parties failure to give timely notice of claim as hereinabove set out shall preclude the right to assert said claim either in arbitration, law or equity and shall constitute a legal waiver thereof. The fees and expenses of each party selected arbitrator shall be paid by that party and the fees and

expenses of the third arbitrator shall be paid by the losing party; provided however, that in the event neither party is the losing party as to the total claim asserted the fees and expenses of the third arbitrator shall be equally borne and paid by both parties."

On February 27, 1985, the circuit court denied the buyers' motion to vacate and reconsider the order of January 28, 1985. On that same date, the buyers filed a notice of interlocutory appeal as of right from this order compelling arbitration pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)). This appeal was docketed in this court as cause No. 5—85—0131.

As an alternative strategy, the buyers petitioned the trial court to certify for interlocutory appeal the issue of law regarding the propriety of compelling arbitration. On February 27, 1985, the trial court certified a question of law for interlocutory appeal under Supreme Court Rule 308 and allowed a stay of arbitration pending interlocutory appeal on the posting of a bond in the amount of $100,000. Under Supreme Court Rule 308 (87 Ill. 2d R. 308), the buyers had 14 days after certification, or until March 13, 1985, within which to file their application for leave to appeal. Instead, on March 20, 1985, they filed a motion for extension of time to file the application. This motion was docketed in this court under cause No. 5—85—0179. While this motion was pending, the buyers also filed a motion for leave to file the record on appeal *instanter* in cause No. 5—85—0131. Because of the absence of any provision under Supreme Court Rule 308 regarding the granting of extensions of time, the buyers' motion in cause No. 5—85—0179 was denied in a written order entered on April 23, 1985. Additionally, because the motion for leave to file the record *instanter* offered no excuses for not filing the record in a timely manner, the interlocutory appeal in cause No. 5—85—0131 was dismissed for want of prosecution in a written order entered on April 23, 1985. The buyers subsequently filed petitions for rehearing and to vacate the orders of April 23, 1985. Relief was granted only as to the interlocutory appeal in cause No. 5—85—0131 by written order on June 26, 1985.

While the buyers were attempting to get reinstated in this court, proceedings continued in the trial court. On May 23, 1985, the trial court again certified a question of law for appellate review and in its certification made reference back to the order of February 27, 1985. The buyers filed an application for leave to appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) in this court on May 30, 1985. This application was docketed under cause No. 5—

85—0355. Also on May 23, 1985, a written order was entered in the trial court requiring the buyers to name an arbitrator within five days and proceed with arbitration. The buyers filed a second notice of interlocutory appeal from this order. This second interlocutory appeal was docketed in this court under cause No. 5—85—0350. Because of the interrelationship of the two pending interlocutory appeals by right (cause Nos. 5—85—0131 and 5—85—0350), they were consolidated for appeal under consolidated cause No. 5—85—0131 by written order on June 26, 1985. The buyers' petition for leave to appeal the trial court's order of May 23, 1985, pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), in cause No. 5—85—0355, was denied by written order on July 19, 1985.

In addition to the application for interlocutory appeal, the buyers also moved for a reduction, or elimination of, the bond set by the trial court. In its order of February 27, 1985, in which a question of law was certified for interlocutory appeal, the trial court imposed a bond of $100,000 as a condition for staying arbitration during the pendency of the interlocutory appeal. By entry of written order on July 19, 1985, the appeal bond fixed by the trial court was reduced by this court to $1,000. In addition, pursuant to our authority under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), the order of July 19, 1985, reducing the bond further provided that the trial of plaintiff's complaint and defendant's answer and affirmative defenses would be stayed during the pendency of consolidated cause No. 5—85—0131.

With that procedural morass behind us, we now turn to the merits of the case at bar. The question we face is whether the plaintiff sellers waived any right to compel arbitration under the sales agreement when they filed suit on the promissory notes and personal guaranties. Based on our review of the applicable case authority, we find that the plaintiff sellers' choice to litigate rather than arbitrate was sufficient to constitute waiver. See *Midwest Window Systems, Inc. v. Amcor Industries* (7th Cir. 1980), 630 F.2d 535; *United States v. Bregman Construction Corp.* (7th Cir. 1985), 256 F.2d 851.

*Midwest Window Systems, Inc. v. Amcor Industries* involved a distributorship agreement (which contained an arbitration clause) and two promissory notes. After Amcor obtained a judgment on the promissory notes, Midwest filed suit against Amcor seeking damages and to set aside the judgment on the notes by alleging breach of contract, breach of warranty, and fraud. The trial court allowed Amcor's motion directing arbitration of Midwest action. On appeal, the Seventh Circuit held that Amcor had waived its right to arbitration

under the distributorship agreement when it filed suit on the promissory notes. Amcor attempted to distinguish its action on the notes from the fraud action on the basis that the suit on the notes was a simple collection action. The Seventh Circuit rejected this as a "shallow distinction" and went on to state:

> "In the present case, it was Amcor which initially avoided arbitration and secured judgment in full by resorting to legal action. In any event in this case, Amcor's choice to litigate rather than arbitrate resulting in judgment is sufficient to constitute waiver. Amcor acted 'inconsistently' with the arbitration right and Amcor 'was prejudiced by this action.' [Citation.] The judgment while it existed was prejudice enough to Midwest. The controversy had proceeded too far to back up for arbitration.
>
> \* \* \*
>
> These two cases have gone too far with too much prejudice to the defendant to shift part of the responsibility for resolution elsewhere. Basically only one controversy exists between the parties. It is all part of or grows out of their unsatisfactory business relationship. Amcor, after a change of heart at such a late date, should not be permitted to bifurcate the controversy and complicate it by partially changing the arena and the rules. These two cases should be consolidated and tried by the district court. To have provided otherwise in these particular circumstances we consider to have been an abuse of discretion." 630 F.2d 535, 537.

*United States v. Bregman Construction Corp.* (7th Cir. 1958), 256 F.2d 851, also involved a situation where parties sued in one action and demanded arbitration in a related action. In *Bregman* a contractor brought suit in New York on a performance bond against his subcontractor's surety for alleged breach of the subcontract. The subcontractor subsequently brought an action against the contractor in Indiana for money alleged due for labor and materials under a payment bond. The contractor filed a demand for arbitration on the second action on the theory that the actions were separate and distinct bonds and did not involve the same parties or issues. The Seventh Circuit upheld the district court's holding that the contractor waived his right to arbitration when he brought his action in New York. The court stated as follows:

> "To hold otherwise would place Bregman in the unique and untenable position of demanding the right to litigate one phase of its dispute with [the subcontractor] while at the same

time insisting upon arbitration of another phase of its dispute, all of such controversy arising out of its subcontract with the other disputant.

* * *

We hold, in the instant case, that Bregman, by filing its New York action, repudiated its own promise to arbitrate as set out in its sub-contract with [the subcontractor]. This repudiation gave use-plaintiff the election of arbitration which it did not exercise in the New York action. By filing its complaint under the Miller Act in this court use-plaintiff then made its election not to arbitrate. Thus, each party elected not to arbitrate, the one by filing an action in New York for alleged failures on a performance bond, and the other by bringing suit in Indiana for money alleged due for labor and materials under a payment bond, both actions arising out of the same sub-contract. We hold that Bregman thereby conclusively waived its right to arbitration in the instant case." 256 F.2d 851, 853-54.

In the case at bar, we find that the plaintiff sellers waived any right to arbitration they may have had under the sales agreement when they filed the three lawsuits in St. Clair County on the promissory notes and personal guaranties. Accordingly, we reverse the order of the trial court that struck the counterclaim of the defendant buyers and directed arbitration of the issues raised in the counterclaim. We further direct the trial court to reinstate the defendant buyers' counterclaim and to permit defendant buyers' answers and affirmative defenses to plaintiffs' complaints be allowed to stand and to proceed with trial upon the issues thus formed.

Reversed and remanded with directions.

HARRISON and KARNS, JJ., concur.