# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 13, 2012

Lyle W. Cayce
Clerk

No. 11-11063
Summary Calendar

VICTORIA FONSECA,

Plaintiff–Appellant

v.

USG INSURANCE SERVICES, INCORPORATED; UNIVERSAL
SPECIALTY UNDERWRITERS, INCORPORATED,

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-884

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

From July 2001 until August 2006, Plaintiff–Appellant Victoria Fonseca worked for USG Insurance Services, Inc. ("USG") as the branch manager of USG's Arlington, Texas branch. Throughout Fonseca's employment, Gerald W. Horton served as USG's President. In November 2005, Horton offered Fonseca the opportunity to enter into a deferred compensation agreement ("DCA").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11063

Subsequently, on August 29, 2006, USG fired Fonseca. Shortly thereafter, on September 8, 2006, Fonseca learned that USG did not intend to pay her under the DCA because USG had never received a signed acceptance.

On May 7, 2010, Fonseca filed an arbitration demand with the American Arbitration Association ("AAA"). On July 16, 2006, the AAA declined to serve as a arbitrator because USG failed to pay the required arbitration fees for this type of dispute. Fonseca then filed a suit on October 13, 2010 in Texas state court alleging fraud and breach of contract against Defendant–Appellees USG and Universal Specialty Underwriters, Inc. (collectively "the Defendants"). Defendants removed to district court on the basis of diversity. On summary judgment, the district court held that Fonseca's suit was time-barred based on Texas's four-year statute of limitations for these claims. Tex. Civ. Prac. & Rem. Code § 16.004 (fraud); *id*. at § 16.051 (breach of contract).

We review a district court's decision refusing to exercise its equitable tolling powers for abuse of discretion. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). The doctrine of equitable tolling "preserves a plaintiff's claim when strict application of the statue of limitations would be inequitable." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000). It principally applies when the "plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from exerting his rights." *Id*. Fonseca admits that under Texas's four-year statute of limitations, her claims expired on September 8, 2010 but contends that the statute of limitations should have been tolled during the period that the AAA considered her arbitration demand.

We have previously stated, albeit in dicta, that a "demand for arbitration does not toll the statute of limitations." *United States ex rel. Portland Const. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1013 (5th Cir. 1976). In *Portland Construction*, we held that a claimant who demanded arbitration is not required to wait until the outcome of the arbitration to file a lawsuit. *Id*. In this

No. 11-11063

case, Fonseca could have (and should have) filed her suit within the statute of limitations and, thereafter, sought a stay of the action pending arbitration. *See id.* Such a course would have guaranteed that the lawsuit was brought within the limitations period without waiving any right to arbitration which may have existed. Moreover, Fonseca has shown no evidence that she was misled by defendants or that she was prevented from pursuing her cause in any way. In fact, the record reveals that Fonseca had ample time both before and after the AAA's refusal to arbitrate her case in which to file her lawsuit, yet she took none of the steps "recognized as important by the statute before the end of the limitations period." *Granger*, 636 F.3d at 712. Therefore, in light of our decision in *Portland Construction* and the facts of this case, we cannot say that the district court abused its discretion when it declined to equitably toll the statute of limitations.

AFFIRMED.