BARNES, J.,
dissenting:
¶ 25. I respectfully dissent. The trial court properly found Defendants’ filing suit in Rankin Count constituted an act inconsistent with arbitration. Therefore, I would affirm the trial court’s ' denial of Defendants’ motion to dismiss and compel arbitration.
¶ 26, This case involves the unique situation where Defendants requested arbitration on repayment of the Note and Guaranties in this suit after filing suit in another county “arising from or relating *1068 to” the same documents. The trial court, in denying Defendants’ motion to dismiss and compel arbitration, found that Defendants waived their contractual right to arbitrate, citing in support Century 21 Moselle & Associates v. Smith, 965 So.2d 1031 (Miss.2007). Century 21 promulgated the test that arbitration can be waived by a party through “either active participation or substantial invocation of the litigation process which results in detriment or prejudice to the other party, or engaging in conduct inconsistent with timely enforcing the arbitration agreement.'...” Id. at 1036 (¶8). The trial court correctly applied the second alternative of the test, stating that the filing of the Rankin County Action constituted “conduct inconsistent” with enforcing the arbitration agreement; thus, arbitration was waived.[5]
¶ 27. While “waiver of arbitration is not a favored finding,” Mississippi does “recognize waiver when the party seeking arbitration takes actions inconsistent with enforcing arbitration....” Nutt v. Wyatt, 107 So.3d 989, 993 (¶ 11) (Miss.2013). “parties claiming waiver must offer sufficient evidence at a hearing to overcome the presumption in favor of arbitration.” Century 21, 965 So.2d at 1036 (¶ 8). The parties agree that Century 21 is binding, and the second alternative of the test— “engaging in conduct inconsistent with timely enforcing the arbitration agreement” — is applicable. BancorpSouth claims this test is applicable to New Vision, Barot, and Patel as plaintiffs in the Rankin County Action, because they commenced the Rankin County Action before they filed an answer or any other pleading in the Lee County Action. Defendants insist that the filing of the Rankin County Action in no way impacted their right to arbitrate in the Lee County Action. I agree with the trial court that although in Century 21 the test was applied to defendants, it can properly be applied to plaintiffs as well.
¶28. Defendants claim that mere involvement in the litigation or judicial process does not constitute waiver, citing Mississippi Credit Center, Inc. v. Horton, 926 So.2d 167, 180 (¶ 41) (Miss.2006):[6]
[Njeither delay in pursuing the right to compel arbitration nor participation in the judicial process, standing alone, will constitute a waiver. That is to say, a party who invokes the right to compel arbitration and pursues that right will not ordinarily waive the right simply because of involvement in the litigation process....
*1069 They argue their right to arbitrate was timely asserted approximately two and one-half months after the Lee County Action was filed; thus, according to Horton, waiver of arbitration was precluded.
¶29. However, Defendants ignore the fact that this case deals with two separately filed suits, unlike Horton and numerous other cases Defendants cite. This case is unique in that it deals with the interaction of two separate cases and waiver of the contractual right to arbitrate. It is not the timeliness of asserting the right to arbitrate within the Lee County Action that is at issue, but the filing of the Rankin County Action, , and its impact on Defendants’ right to compel arbitration of the Lee County Action. The proper time- to raise arbitration is at the'time the party first advances arbitrable issues. Galion Iron Works & Mfg. v. J.D. Adams Mfg., 128 F.2d 411, 414 (7th Cir.1942). New Vision, Barot, and Patel made the strategic decision to file a lawsuit demanding a jury trial in Rankin County concerning the same issues that they later raised in their Lee County counterclaim. It is obvious that Defendants wanted to litigate; they just did not want to litigate in Lee County. As admitted by Defendants in oral argument, they filed a compulsory counterclaim, but only wanted to arbitrate BancorpSouth’s claim for repayment. They wanted a jury trial in Rankin County on their claims against BancorpSouth. They contended, as they did below, that the Rankin County Action would only be arbitrated if Ban-corpSouth demandéd arbitration.[7] This rationale, however, ignores the contractual language that “any and all claims, disputes and controversies ... arising from or relating to” the Note are to be resolved by arbitration at the election of the borrower or lender. There is no contractual provision for splitting a cause of action between arbitration and litigation.
¶30. Under Century 21, prosecuting the Rankin County Action is inconsistent with arbitration and constitutes waiver. At the time New Vision and Barot invoked arbitration in the Lee County Action, they were seeking to litigate their claims against BancorpSouth in Rankin County. It was only because BancorpSouth had “beaten them to the courthouse” that arbitration even became an issue.[8] Defendants also argue that BancorpSouth' has shown no prejudice by the filing of the Rankin County Action. However, under the second alternative of the Century 21 waiver rule, there is no requirement of prejudice to the other- party. Century 21, 965 So.2d at 1036 (¶ 8).
¶31. Defendants rely on Nutt as dis-positive. Nutt involved two suits, and held that a plaintiff bringing a court action seeking limited relief does not waive the plaintiffs right to arbitrate other- issues. *1070 Nutt, 107 So.3d at 995 .(¶ 14). .In Nutt, the plaintiff, David Nutt, filed a lawsuit in Madison County Chancery Court on an employment agreement seeking- replevin and a declaratory judgment from Derek Wyatt. Id. at 991 (¶4). Then, Wyatt sued Nutt in Lafayette County Circuit Court for attorney’s fees claimed under a joint-venture agreement. Id. at 991-92 (¶ 5). Nutt invoked arbitration in the second suit, and the trial court denied it as waived. Id. at 993 (¶9). The supreme court reversed the trial court’s judgment, however, holding that Nutt’s filing of the first suit in Madison County was not a waiver of the right to arbitrate Wyatt’s claims in .Lafayette County because the two actions dealt with very different matters — an employment, agreement and a joint-venture agreement. Id. at 993, 996 (¶¶ 9, 18)-. Here, New Vision and Barot’s compulsory counterclaim in the Lee County Action and their earlier-filed Rankin County Action both clearly “aris[e] from or relat[e] to” the contractual documents that formed the basis for BaneorpSouth’s Lee County complaint. Whether Defendants owe BancorpSouth repayment on the Note and Guaranties is central to both suits.[9] Thus, Nutt is distinguishable.
¶ 32. I find United States ex rel. Frank A. Trucco & Sons Co. v. Bregman Construction Corp., 256 F.2d 851, 852 (7th Cir.1958), cited by BancorpSouth, instructive. Bregman initially sued Trucco’s surety in the state of New York for Truc-co’s breach of a public-works subcontract that contained an arbitration provision. Id. Trueco then sued Bregman in Indiana for breach of the same subcontract, and Bregman tried to invoke the arbitration provision. Id., The district court ruled that Bregman waived its right to arbitrate because of its filing suit in New York. Id. The United States Court of Appeals for the Seventh Circuit held:
[T]he district court properly determined this matter. To hold otherwise would place Bregman in the unique and untenable position of demanding the right to litigate one phase of its dispute with Trueco while at the same time insisting upon arbitration of another phase of its dispute, all of such controversy arising out of its sub-contract with the other disputants.
Id. at 853.
¶ 33. Here, New Vision and Barot were demanding the right to litigate their claims against BancorpSouth in Rankin County while insisting upon arbitration, of Ban-corpSouth’s claims. - I agree with the Seventh Circuit that this would be an “untenable position.” The trial court did not err in. finding Defendants’ act of filing suit in Rankin County “inconsistent with arbitration.”
¶ 34. Patel filed supplemental authority under Mississippi Rule of Appellate Procedure 28(k), claiming the Rankin County Action could not constitute waiver of arbitration because that court lacked subjects matter jurisdiction. Patel states, under the priority-jurisdiction rule, jurisdiction was established in Lee County, and Rankin County was without subject-matter jurisdiction. Since the Rankin County Action lacked subject-matter jurisdiction, and thus was dismissed without prejudice and not on the merits, Patel argues the Rankin County Action had no ability to impact the rights of any party, and could not support waiver. I do not find this argument persuasive; the suit was filed and prosecuted with the intent to litigate, which are' acts inconsistent with waiver.
*1071 ¶35. Defendants further argue that BancorpSouth has “contracted away [its] right to claim waiver.” Both the Note and Guaranties provide: “IF ARBITRATION IS NOT CHOSEN BY EITHER PARTY AT ANY STAGE OF AN ACTION OR PROCEEDING IN COURT, BOTH BORROWER AND' LENDER HEREBY WAIVE ALL RIGHTS TO TRIAL BY JURY.” (Emphasis in original). New Vision and Barot interpret this to mean that they may assert arbitration at any time. I do not. As BancorpSouth notes, this provision is located under a separate heading: “WAIVER OF JURY TRIAL.”. In context, the provision indicates that no party will have the right to a jury trial even if the dispute is not arbitrated; it does not mean the parties can raise arbitration at any time.[10]
¶36. Lastly, at oral argument, New Vision and Barot claimed the following language from the Note means that the act of instituting a lawsuit is not a waiver of arbitration: “THE INITIATION OF A CLASS ACTION OR AN ACTION IN WHICH BORROWER IS ONE OF TWO OR MORE PLAINTIFFS SHALL NOT RELIEVE EITHER PARTY FROM THE OBLIGATIONS OF ARBITRATION CONTEMPLATED BY THIS SECTION 29.” New Vision and Barot, however, read the provision out of context. The full third paragraph of Section 29 of the Note provides:
IN THE EVENT BORROWER INITIATES AN-ACTION AT LAW OR IN EQUITY AGAINST LENDER EITHER AS A MULTI-PLAINTIFF LAWSUIT OR IN A CLASS’ACTION LAWSUIT,-THE PROVISIONS OF THIS SECTION 29 SHALL APPLY TO BORROWER, ALONE OR AS AN INDIVIDUAL AND SHALL NOT APPLY SO AS TO REQUIRE ARBITRATION FOR A PLAINTIFF CLASS OR FOR A GROUP OF PLAINTIFFS, BORROWER BEING INDIVIDUALLY AND SEPARATELY BOUND BY THE TERMS OF THIS SECTION 29 RATHER THAN AS A CLASS- REP-RESENTÁTIVE OR GROUP. MOREOVER, THE INITIATION OF A CLASS ACTION OR AN ACTION IN WHICH BORROWER IS ONE OF TWO OR MORE PLAINTIFFS SHALL NOT RELIEVE EITHER PARTY FROM THE OBLIGATIONS OF ARBITRATION CONTEMPLATED BY THIS SECTION 29.
¶ 37. The paragraph clearly addresses two separate' situations. The first part concerns class arbitration. See generally Thomas H. Oehmke, Oehmke Commercial Arbitration § 16:9 (Defenses to class arbitration — Prohibition on class arbitration); § 16:13 (Defenses to class arbitration— Waiver of class arbitration) (3rd ed.2015). In the event the borrower (New Vision) initiates a class action (or multi-party action) against BancorpSouth, the arbitration provisions only apply to the individual borrower, and election by BancorpSouth to arbitrate will not require arbitration for a plaintiff class or group of plaintiffs. The second concerns the rights of the unwilling class members or “involuntary plaintiffs.” See In re Piper Funds, Inc., 71 F.3d 298, 303-04 (8th Cir.1995) (contractual right to arbitrate “may not be sacrificed, on the altar of efficient class action management”; “unwilling class member’s right to arbitrate may not be held hostage.. %. ”); *1072 M.R.G.P. 19(a) (joinder of parties; involuntary plaintiffs). The last sentence, written in the passive, versus active, voice, provides that if a class or multi-party action is filed and the borrower is one of the plaintiffs, that alone will not prevent the borrower from exercising its right to arbitrate. This situation applies if the lawsuit is initiated and the borrower is a plaintiff; it does not state that the borrower can initiate the action and still demand arbitration. Had the parties intended that result, the provision would have been written in the same manner as the first sentence: “[I]n the event borrower initiates an action at law or in equity against lender....” It was not. Further, it would make no sense for the contract to provide that a party could not be found to have waived arbitration if it filed a lawsuit on behalf of two or more plaintiffs without a corresponding provision regarding filing as a singular plaintiff. Lastly, this paragraph concerning class action and multi-plaintiff lawsuits is found only in the Note but not the Guaranties; therefore, if New Vision’s interpretation is correct, the result would mean that New Vision had not waived arbitration by filing the Rankin County Action but, having no similar provision in the Guaranties, Barot and Patel would have waived their rights to arbitrate. I do not accept New Vision and Barot’s interpretation of this last sentence.
¶ 38. Based on the foregoing, I find the trial court correctly determined that Defendants waived their right to arbitrate by filing the Rankin County Action. Accordingly, I would affirm the trial court’s denial of Defendants’ motion to dismiss and compel arbitration.
GRIFFIS, P.J., ISHEE AND GREENLEE, JJ., JOIN THIS OPINION.

. The trial court further found the compulsory counterclaim by New Vision, Barot, and Patel in the Lee County Action, and Patel’s seeking to transfer this cause to Rankin County, were also inconsistent with requesting arbitration, and confirmed the waiver of arbitration. Since the counterclaim was compulsory under Mississippi Rule of Civil Procedure 13(a), however, I disagree with the trial court that the counterclaim contributed to the waiver of arbitration. Had the compulsory counterclaim not been asserted, New Vision and Barot would have been subject to a claim of waiver. See M.R.C.P. 13(a) Advisory Committee Notes (Subject to the exceptions, “counterclaims are compulsory if they arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim”; generally, compulsory counterclaims are asserted in pending litigation to avoid waiver.).

. In Horton, while the defendants timely asserted their right to compel arbitration in their answers, they did not file a motion to compel arbitration in a reasonable time, and "proceeded to substantially engage the litigation process” for eight months. Horton, 926 So.2d at 180 (¶¶ 41, 43). Because of both delay and engaging in the litigation process, the supreme court found the defendants’ right to arbitration was waived. Id. at 181 (¶¶ 45-46).

. At the trial court hearing, counsel for New Vision and Barot stated:
Your Honor, if I might respond to one thing that [BancorpSouth’s counsel] just said ... I want to make sure that I'm clear in terms of the nature of the Rankin County case versus the nature of this case. The Rankin County case, again, is our claims against BancorpSouth. And it may be that we have waived the right to arbitrate our claims against them. Now it’s up to them [as] to whether or not they want to arbitrate those. But as it relates to their claims against us which are pending here, we have invoked our right to arbitration. So there is a distinction there that they want to somehow merge together, but they are distinct claims.

. Similarly, Patel was the co-plaintiff in the Rankin County Action, and did not raise arbitration as an affirmative defense when he filed his answer in the Lee County Action. Further, Patel filed a motion to transfer venue of the Lee County Action to Rankin County, not a motion to compel arbitration. These actions confirm Patel’s desire to litigate, not arbitrate.

. BancorpSouth’s Lee County Action seeks enforcement of the Note and two Guaranties. As noted by the Lee County Circuit Court, the Lee County counterclaim was “almost identical” to the allegations of. the Rankin County complaint.

. Patel -relatedly argues that BancorpSouth breached the arbitration provisions by taking the position that Defendants waived the right to arbitrate.- I am not persuaded by this argument. BancorpSouth’s assertion of waiver does not breach the arbitration agreement any more than Defendants breached the agreement by demanding a jury trial in the Rankin County Action in violation of the Note and Guaranties.