**Reversed and Remanded and Memorandum Opinion filed November 8, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00075-CV

---

### TILSON HOME CORPORATION, Appellant

### V.

### JORGE L. ZEPEDA AND LISA M. ZEPEDA, Appellees

---

**On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 83570-CV**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from an order denying a motion to compel arbitration filed by Tilson Home Corporation. For the reasons set forth below, we reverse the trial court's order denying Tilson's motion to compel arbitration and remand the case to the trial court for entry of an order compelling arbitration and staying the litigation pending the outcome of the arbitration.

# I. BACKGROUND

Appellees, Jorge and Lisa Zepeda, hired Tilson to build a home on their property. The contract contained an arbitration provision. The home was built but encroached upon adjoining property. Tilson purchased the adjoining property so the home is currently sited on property owned by both appellees and Tilson. Subsequently, appellees declined to proceed with the contract. On October 5, 2015, Tilson filed suit and, in the same filing, moved to compel arbitration. Appellees moved to dismiss Tilson's suit for lack of jurisdiction on December 29, 2015, and on January 8, 2016, filed an objection and response to Tilson's motion to compel. Appellees argued Tilson's suit to enforce the arbitration agreement was untimely because the arbitration agreement provides, in pertinent part:

> ANY DISPUTE OR CLAIM WHICH ARISE FROM OR RELATES TO THIS AGREEMENT, THE WORK AND/OR THE HOME WILL BE BARRED UNLESS THE CLAIM IS FILED WITH THE AMERICAN ARBITRATION ASSOCATION ("AAA") BY OWNER OR CONTRACTOR WITHIN TWO (2) YEARS AND ONE (1) DAY FROM THE DATE THE CAUSE OF ACTION ACCRUES.

Tilson did not claim that it filed a claim with the AAA within the contractual deadline. On January 11, 2016, a hearing was held prior to the time noticed by Tilson and Tilson did not appear. The trial court denied Tilson's motion and in its order states:

> IT IS THEREFORE ORDERED that the Plaintiff's pleadings establish that this Court no longer has jurisdiction over the party's [sic] based on mootness. The Court further finds that the suit was filed more than two (2) years and one (1) day after the cause of action arose and therefore the Court has no authority to order the parties to arbitration.

From that order, Tilson brings this interlocutory appeal. *See* Tex. Civ. Prac. &

Rem. Code Ann. § 51.016 (West 2015).

## II. ANALYSIS

Because it would be dispositive, we first address appellees' argument that Tilson lacks standing to compel arbitration because it pursued court-ordered arbitration without first pursuing arbitration by other means. We are aware of no authority, and appellees cite none, either barring the contemporaneous filing of a motion to compel arbitration and an original petition or finding that a plaintiff who does so lacks standing to compel arbitration. *See Valdez v. Texas Taco Cabana, L.P.*, A-14-CA-389-SS, 2014 WL 2980270, at *1 (W.D. Tex. July 1, 2014) (quoting *Fonseca v. USG Ins. Servs.*, 467 F. App'x 260, 261 (5th Cir. 2012) (unpublished) (wherein the court suggested plaintiff should have filed suit within the statute of limitations and then sought a stay pending arbitration to guarantee suit was brought within the limitations period). *See also Brown v. Potter Concrete Residential, Ltd.*, 05-13-00585-CV, 2014 WL 2993809, at *1 (Tex. App.—Dallas June 30, 2014, pet. denied) (noting plaintiffs filed original petition and motion to compel arbitration). Accordingly, we reject appellees' argument.

Tilson's first issue contends the trial court erred by denying its motion to compel arbitration because it conclusively established (1) a valid arbitration agreement governed by the Federal Arbitration Act ("FAA"), and (2) that its claims against appellees are within the scope of the arbitration agreement. Appellees concede the existence of a valid arbitration agreement governed by the FAA. They assert, however, that because Tilson filed for arbitration after the contractual deadline had passed, its claims are not within the scope of the arbitration agreement. Appellees argue the contractual deadline is part of the scope of arbitration.

This court has previously held that prerequisites to the obligation to

3

arbitrate, such as time limits, are questions for the arbitrator, not the trial court. *In re Global Constr. Co.*, 166 S.W.3d 795, 798 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002)). Issues involving procedural impediments to arbitration — generally any issue requiring the adjudicator to decide if a party has satisfied the prerequisites to compelling arbitration — involve procedural arbitrability. *Id.* "Procedural arbitrability is the province of the arbitrator." *Global Constr. Co.*, 166 S.W.3d at 798. *See also G.T. Leach Builders*, 458 S.W.3d 502, 520 (Tex. 2015).

The Texas Supreme Court has recently agreed that whether or not a contractual deadline bars a party's demand for arbitration is a question of procedural arbitrability. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d at 519–23. Appellees rely upon the allowance in *G.T. Leach Builders* that a contention "the deadline operates to limit the scope of the claims the parties agreed to arbitrate" might raise issues of substantive arbitrability for the court to decide. 458 S.W.3d at 522. For this proposition, the court compared *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 234 (3d Cir. 2012) (considering argument that time limit in arbitration agreement was substantively unconscionable), and *Kristian v. Comcast Corp.*, 446 F.3d 25, 43–44 (1st Cir. 2006) (holding that arbitrator should decide whether contract's one-year limitations provision conflicted with Clayton Act's four-year statute of limitations for antitrust claims). As there has been no claim in this case that the time limit is unconscionable, *Quilloin* is clearly distinguishable. Appellees argue the passage of two years and a day bars all claims, thus it operates as a limitations provision, making this case more akin to *Kristian*.

We do not disagree that whether a particular claim or dispute is within the

scope of the agreement is a matter of substantive arbitrability. *ODL Servs., Inc. v. ConocoPhillips Co.*, 264 S.W.3d 399, 413 (Tex. App.—Houston [1st Dist.] 2008, no pet.). However, appellees do not contend the contractual deadline operates to limit the scope of the arbitration agreement, but that it bars all of Tilson's claims. The arbitration agreement in this case, as in *G.T. Leach*, provides claims will be "barred." In *G.T. Leach*, the opposing party argued "G.T. Leach failed to demand arbitration prior to a deadline that the contract expressly imposes." Appellees argue in this case that Tilson failed to demand arbitration, by filing a claim with the AAA, prior to the contractual deadline. We see no meaningful distinction between the case at bar and *G.T. Leach*.[1]

The existence of a valid arbitration agreement has not been contested. Whether Tilson's failure to demand arbitration prior to the contractual deadline bars its claim is a question of procedural, not substantive, arbitrability. Thus the trial court had no discretion but to compel arbitration of the dispute, leaving the parties to present the matter of the delay in requesting arbitration to the arbitrator. *See Global Constr. Co.*, 166 S.W.3d at 799. Tilson's first issue is sustained.

Tilson's second issue contends the trial court erred by conducting an ex parte hearing on Tilson's motion to compel arbitration and appellee's motion to dismiss for lack of jurisdiction, without notice to Tilson. Our disposition of Tilson's first issue makes it unnecessary to address this contention.

Tilson's third issue argues the trial court erred by concluding it lacked jurisdiction because the suit was untimely and thus became moot, leaving the court no authority to order the parties to arbitration. We agree that this conclusion was error. *See Global Constr. Co.*, 166 S.W.3d at 799 (granting petition for writ of

---

[1] Because we do not rely solely upon *G.T. Leach*, but also upon our own precedent in *Global Constr. Co.*, 166 S.W.3d at 798, we find it unnecessary to consider appellees' argument that the holding in *G.T. Leach* is dictum and therefore not binding on or of any precedential value to the instant case.

mandamus and directing the trial court to order claims to arbitration). Issue three is sustained. An argument that a prerequisite to arbitration has not been met goes to the merits, not to the court's jurisdiction.[2]

For these reasons, we reverse the trial court's order and remand the case to the trial court for entry of an order compelling arbitration and staying the litigation pending the outcome of the arbitration. *See Amir v. Int'l Bank of Commerce*, 419 S.W.3d 687, 693–94 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

/s/  John Donovan
   Justice

Panel consists of Justices Christopher, Busby and Donovan.

---

[2] *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000) ("The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it."); *Yasuda Fire & Marine Ins. Co. of Am. v. Criaco*, 225 S.W.3d 894, 898 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("Although lawyers and courts occasionally state informally that an entity has no 'standing' to enforce a contract ... such an entity's inability to sue goes to the merits and does not deprive courts of jurisdiction.").