440 F.Supp. 925 (1977)
CITADEL TRADING CO., LTD., Plaintiff,
v.
William T. BAGELY, Chairman, John V. Rainbolt, 2nd Vice Chairman, Robert L. Martin, Gary L. Seevers, and Read P. Dunn, Commissioners of the Commodity Futures Trading Commission, Defendants.
No. 77-525C(1).
United States District Court, E. D. Missouri, E. D.
October 6, 1977.
Richard C. Sheerar, Clayton, Mo., for plaintiff.
Joanne Leveque, Asst. Gen. Counsel, Commodity Futures Trading Comn., Washington, D. C., for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the motion of defendant Commissioners of the Commodity Futures Trading Commission for summary judgment or to dismiss for failure to state a claim upon which relief can be granted. For the reasons stated below, defendants' motion to dismiss will be granted.
In this action, plaintiff has filed a complaint against William T. Bagley and others, *926 commissioners of the Commodity Futures Trading Commission (hereafter "Commission") seeking both injunctive and declaratory relief. Plaintiff is registered with the Commission as a "futures commission merchant", as defined in § 2(a)(1) of the Commodity Exchange Act, 7 U.S.C. § 2 (Supp. V. 1975).
In July of 1974, plaintiff applied to the Commission through the "Division of Trading and Markets" for registration as a "Futures Commission Merchant." Plaintiff received such designation on December 17, 1974. From that date until January 1977 the "Division of Enforcement" carried on an informal investigation of the plaintiff. During the investigation, plaintiff was frequently requested to produce documents and information. On February 10, 1977, the Commission issued a show cause order and fifteen-count complaint against the plaintiff alleging several violations of the Commodity Exchange Act and regulations thereunder. The Commission's investigation continued until suit was filed by plaintiff in this Court.
Plaintiff filed its complaint on May 20, 1977, asserting jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1337, 1361, and 2201. The complaint alleges that defendants appointed Anthony McDonald in the fall of 1975 as acting executive director of the Commission, yet thereafter and continuing until the present, refused to submit his name to the Senate for confirmation. The position of executive director was created by Congress in their 1974 Amendment to the Commodity Exchange Act, 7 U.S.C. § 1, et seq. In particular, § 4a(d) states:
"The Commission shall have an Executive Director, who shall be appointed by the Commission, by and with the advice and consent of the Senate, and serve at the pleasure of the Commission. The Executive Director shall report directly to the Commission and perform such functions and duties as the Commission may prescribe."
In Count I, plaintiff contends that because defendants have not submitted McDonald's name for confirmation, all investigative activity performed by the Commission while McDonald was acting director is "null and void". Plaintiff's theory is that since McDonald has not been confirmed by the Senate, he is an acting director without statutory authority and, as such, any act performed by him or other agents of the Commission under his control, is void.
Count II incorporated Count I, but as a second theory to suppress parts of the investigation, it is alleged that defendants entered plaintiff's business "under color of law but without authority of law." That is, since McDonald was unconfirmed, the actions of Commission investigators entering plaintiff's business to gain access to plaintiff's records amounted to an "unreasonable" constructive search and seizure under the Fourth Amendment.
Plaintiff's prayer for relief requests a temporary restraining order and a preliminary injunction restraining defendants and the "Division of Trading and Markets" and the "Division of Enforcement" from further action until an executive director is confirmed. Plaintiff also requests that defendants be enjoined from using any information heretofore obtained while McDonald was acting director. Part C of plaintiff's prayer seeks declaratory judgments on various issues regarding Commission action while McDonald was acting director.
The Court granted a temporary restraining order and show cause order on May 27, 1977. After a hearing on May 31, 1977, the order was modified and extended. On June 6, 1977, defendants filed a motion for summary judgment or to dismiss for failure to state a claim upon which relief can be granted.
The Court will dismiss both counts of plaintiff's complaint for the following reasons.
Regardless of the status of the executive director, the Commission as an entity is empowered under the Act to initiate and conduct investigations. It would be unreasonable to suggest that the work of the Commission must come to a halt while a director is being confirmed by the Senate. *927 Such an interpretation is totally contrary to the law, irrespective of the constitutionality of the provision calling for Senate confirmation. § 413 of Pub.L. 93-463, 88 Stat. 1389 (1974), states that:
"If any provision of this Act or the application thereof to any person or circumstances is held invalid, the validity of the remainder of the Act and the application of such provision to other persons or circumstances shall not be affected thereby."
Section 411, Pub.L. 93-463, 88 Stat. 1389, provides that all pending proceedings shall be transferred to the Commission as of the effective date of the Act and continue until completion. Finally, § 412, Pub.L. 93-463, states that "Pending proceedings under existing laws shall not be abated by reason of any provisions of this Act . . ."
Under 7 U.S.C. § 6g(1), (Supp. V. 1975), each registered futures commission merchant is obligated to keep books and records open to inspection by any representative of the Commission. Congress inserted this language in 1968 to express this requirement as a positive obligation. See Pub.L. 90-258, 82 Stat. 26 (1968).
As previously noted, the statute grants the Commission power to make investigations of persons subject to the Act. 7 U.S.C. § 12, (Supp. V. 1975). "For the efficient execution of the provisions of this chapter, . . . the Commission may make such investigations as it may deem necessary to ascertain the facts regarding the operations of boards of trade and other person subject to any of the provisions of this chapter . . ." Id.
It is, therefore, apparent that not only are registered futures commission merchants required to keep books and records, they are obligated to keep them open for inspection and investigation by any representative of the Commission. 7 U.S.C. § 6g. The decision to investigate, pursuant to § 12, belongs to the Commission. The fact that McDonald's name was neither submitted nor consented to by the Senate is immaterial to the independent investigatory powers of the Commission.
Although plaintiff alleges it will suffer irreparable injury unless defendants are enjoined, it is clear that mere litigation expense, even if it is substantial, does not constitute "irreparable injury." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938).
Finally, a mere allegation by a party being investigated of possible damage to their business activities is not sufficient to block an authorized inquiry by a regulatory body into relevant matters. See, Securities and Exch. Comm'n. v. Brigadoon Scotch Dist. Co., 480 F.2d 1047 (2nd Cir. 1973). Therefore, plaintiff's first count fails to state a claim upon which relief can be granted and will be dismissed.
In Count II, plaintiff asserts that the Commission's visit to the plaintiff's business amounted to a "constructive search and seizure." Since the divisions investigating plaintiff were purportedly controlled and supervised by McDonald, any "constructive search or seizure" was unreasonable and violated the Fourth Amendment. "Reasonableness" is clearly the variable in determining whether the defendants' actions violated plaintiff's constitutional rights. The standard to be applied was enunciated in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969): "Thus, although `[t]he recurring questions of the reasonableness of searches' depend upon `the facts and circumstances  the total atmosphere of the case,' those facts and circumstances must be viewed in light of established Fourth Amendment principles." Id. at 765, 89 S.Ct. at 2041. It is clear that the acts of defendants and their agents were not unreasonable, if the Commission was proceeding in accordance with the mandate of Congress and that records sought were relevant to that purpose. Furthermore, the fact that McDonald was unconfirmed as executive director is irrelevant to the question of reasonableness. Plaintiff's theory is not plausible. Accordingly, Count II of plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.