UNITED STATES, ex rel. AURORA PAINTING, INC., a Washington Corporation, Plaintiff–Appellee,

v.

FIREMAN'S FUND INSURANCE COM-PANY, a foreign corporation, Defendant–Appellant.

Nos. 86–4089, 87–3609.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted August 5, 1987.

Decided Nov. 18, 1987.

Timothy R. Byrnes, Anchorage, Alaska, for plaintiff-appellee.

Richard H. Foley, Jr., Anchorage, Alaska, for defendant-appellant.

Before GOODWIN, ANDERSON and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

### Overview

Nunvik Construction ("Nunvik") agreed with the United States Public Health Service ("Health Service") to construct a water tank at Deering, Alaska. Appellant Fireman's Fund Insurance Company ("Fireman's Fund") issued performance and payment bonds as surety for Nunvik, pursuant to the Miller Act, 40 U.S.C. §§ 270a to 270d (1986). Nunvik entered into a subcontract with appellee Aurora Painting ("Aurora") to sandblast, paint, and insulate the tank. This subcontract contains an arbitration clause.

Because the water tank project was delayed, Aurora was unable to finish its work during the 1982 construction season and faced the prospect of returning the following year. When Aurora's management notified Nunvik that it could not complete the work the following year, Nunvik convinced Aurora to return and the two parties negotiated an interim settlement agreement.

The interim settlement agreement provided for Aurora to submit certified weekly payroll records to Nunvik and for Nunvik to pay Aurora the payroll amounts. It also required that the parties arbitrate any disputes or claims between them after completing work on the subcontract. Fireman's Fund was not a party to the interim settlement agreement.

Aurora completed the work and received payment for the certified payroll. Aurora requested arbitration of disputes between it and the prime contractor regarding delays and cost overruns. When Nunvik refused to arbitrate voluntarily, Aurora sued in Alaska state court and obtained a judgment compelling arbitration. The arbitra-tor awarded Aurora $49,855.04. The state court, acting on Aurora's application, confirmed the arbitrator's award and the Alaska Supreme Court affirmed the decision. Fireman's Fund was not a named party in the state court action or the arbitration and made no appearances in those actions.

After filing suit in Alaska state court to compel arbitration, Aurora sued Fireman's Fund in federal district court to recover on the bond. Following the state court confirmation of the arbitration award, the federal district court granted Aurora's motion for summary judgment. Final judgment was entered when the Alaska Supreme Court affirmed confirmation of the arbitration award.

Fireman's Fund appeals the summary judgment on several grounds. First, appellant contends that the district court erroneously ruled that the determination of Nunvik's liability to Aurora precludes relitigation of the surety's liability in the Miller Act suit. Fireman's Fund also argues that there exist genuine issues of material fact regarding its reservation of rights under the interim agreement, whether Aurora is estopped to assert a Miller Act claim, and whether the arbitration clause in the interim agreement was procured by fraud. We reject appellant's claims and affirm.

### Standard of Review

A grant of summary judgment is reviewed de novo. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). The court of appeals must determine, viewing the evidence in the light most favorable to the nonmoving party (Fireman's Fund), whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986).

### Discussion

**I. PRECLUSIVE EFFECT OF ARBITRATION AWARD**

Fireman's Fund does not contest the state court's ability to determine its principal's liability to Aurora. Rather, it con-

tends that the federal court erroneously gave preclusive effect to the state court decision because the Miller Act, 40 U.S.C. § 270b gives federal courts exclusive jurisdiction to determine the surety's liability. We reject the analysis of the Fifth Circuit on this issue and affirm the district court.

The Miller Act provides:

Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was performed and executed and not elsewhere....

40 U.S.C. § 270b. In the only reported case directly on point with this appeal, a split panel of the Fifth Circuit ruled that a state court determination of the principal's liability could not bind a Miller Act surety. *United States Fidelity and Guaranty Company v. Hendry Corporation,* 391 F.2d 13 (5th Cir.), *cert. denied,* 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968) ("*Hendry*"). In *Hendry,* a subcontractor sued a Miller Act surety for a defaulting government prime contractor. The federal district court entered summary judgment in favor of the subcontractor, ruling "that the state decision was res judicata as to a surety with knowledge of and an opportunity to defend the suit against the principal." *Id.* at 15. Although the majority conceded that under normally applicable laws, the surety is bound by a judgment against its principal, it concluded that the principal is inapposite in Miller Act cases because Congress conferred exclusive jurisdiction upon federal courts to determine sureties' liability. 391 F.2d at 16–17. This exclusivity of jurisdiction prevents the surety from protecting its rights in the state proceeding and therefore res judicata should not apply:

The surety cannot protect its rights by joining in the defense of the suit. It cannot intervene as defendant any more than it could be named as defendant in the first place. The state court would have no jurisdiction to consider the case.

391 F.2d at 17. According to *Hendry,* allowing a plaintiff to establish the principal's liability in state court and then take advantage of res judicata to settle the surety's liability would completely thwart Congress' scheme of exclusive federal jurisdiction:

As this case demonstrates, once the issues of liability and damages are determined, there is little left to be litigated. The only function remaining for the federal district court would be to rubber-stamp the state judgment and enter it against the surety.

If a Miller Act surety is bound by a state court judgment recognizing a supplier's claim against the principal—it is mere word-juggling to say that the suit in state court is not a suit under the Miller Act. The assumption that the Act permits such suits attributes to Congress an obtuseness sufficient to destroy the statutory scheme. * * *

Since only federal courts may determine a surety's liability on a Miller Act bond, a state court judgment that would bind a surety on his Miller Act bond offends the Congressional mandate.

391 F.2d at 17–18.

The full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to give the same preclusive effect to state court judgments they would have in the rendering jurisdiction. *See, e.g. Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1283 (9th Cir.1986). According to Judge Godbold's dissent in *Hendry,* the Miller Act is not an exception to the general rule that federal courts give preclusive effect to state court judgments. 391 F.2d at 23–24. And Congress' purpose in requiring all suits on the bond to be commenced in one jurisdiction (the federal court for the district in which the contract is to be performed) is simply to protect the surety from liability beyond the amount of the bond that might result from multiple suits in several different jurisdictions. 391 F.2d at 25. Based on these considerations, Judge Godbold would have accorded full faith and credit to the state court judgment of the principal's liability. *Id.* We agree and adopt Judge Godbold's position in *Hendry* as more compelling than that of the majority.

Judge Godbold is correct that the Miller Act did not, by its terms, create an exception to the full faith and credit statute. The majority's decision rests on the notion that only *parties* to a prior judgment may be bound under res judicata principles. *Compare Hendry*, 391 F.2d at 17 (surety has no "full opportunity to defend" and protect its rights since it may neither intervene in the suit between contractor and subcontractor nor be named as a defendant) with *United States for and on behalf of Portland Construction Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1012 n. 3 (5th Cir.1976)(dicta that "doctrine of res judicata would have barred [the subcontractor] from relitigating the issues resolved against it by the arbitrators"). Under Alaska law, however, both parties and their privies may be bound by prior judgments. *Briggs v. State, Department of Public Safety*, 732 P.2d 1078, 1081 (Alaska 1987) (collateral estoppel); *Tolstrup v. Miller*, 726 P.2d 1304, 1306 (Alaska 1986) (res judicata). So even though Fireman's Fund was not a party to the arbitration proceedings, it may be bound if it is Nunvik's privy.

In *Pennington v. Snow*, 471 P.2d 370, 375 (Alaska 1970), the court discussed the privity requirement. In that case, the issue was whether the appellant was bound by a judgment rendered in a case brought by her husband but in which she was not a party. The court stated the applicable analysis thus:

> [B]efore privity may be found to exist, the non-party must have notice and an opportunity to be heard; the procedure must insure the protection of the rights and interests of the non-party, and he must in fact be adequately represented by the parties. The extent to which the interest of the non-party are identical to those of the parties of the action provides a gauge for the determination of the adequacy of representation.

471 P.2d at 375–76. Under this analysis, Fireman's Fund was privy to Nunvik, the defendant in the prior state action, and is bound by the judgment.

Normally, a judgment against a principal conclusively establishes against a surety the fact of and the amount of the principal's liability as long as the surety has notice of the proceeding against the principal. *Frederick v. United States*, 386 F.2d 481, 485 n. 6 (5th Cir.1967). This general rule also applies in this case under the required Alaska analysis. Because its liability is merely derivative, its interests are nearly identical. Fireman's Fund had actual notice of the state court action against Nunvik, tendered its defense to Nunvik, and used the same counsel as Nunvik. The surety cannot now complain that it was inadequately represented by Nunvik's defense.

In a hearing on a surety's liability, Alaska would give preclusive effect to a prior determination that the principal is liable. Under the full faith and credit statute, the district court below was compelled to do the same. The Miller Act merely provides one forum to determine the surety's liability (and thus prevent duplicative recovery exceeding the amount of the bond). The Act does not require the parties to relitigate the principal's liability.

## II. RESERVATION OF RIGHTS UNDER INTERIM AGREEMENT

Fireman's Fund contends that the parties did not agree that the surety would be bound by the arbitration clause in the interim agreement between Nunvik and Aurora. According to Fireman's Fund, this is a disputed factual issue that precludes summary judgment. We reject this argument.

The interim agreement states:

The bonding company for Nunvik Construction, Inc. on this project and the Public Health Service may be notified of this agreement and this agreement is not a waiver of any rights under any applicable payment bond.

The district court interpreted the clause to mean that Aurora did not waive any of its rights under the bond. Nunvik's attorney stated in his affidavit that the parties agreed that the surety reserved all of its rights, which includes the right to resolve claims in federal court. Even when con-

sidered in the light most favorable to Fireman's Fund, the district court properly rejected this "evidence" as immaterial. First, the parties to the interim agreement could not modify the rights of the bonding company under its contract with Nunvik. Second, as we stated *supra*, the bonding company has no "right" to have its principal's liability determined in federal court and may be bound by a judgment adverse to its privy.

## III. ESTOPPEL

Fireman's Fund contends that Aurora is estopped from asserting the Miller Act because it induced progress payments with falsified certified payrolls and failed to pay its creditors. A Miller Act surety may assert an estoppel against a claimant based on representations made by the claimant to the prime contractor. *United States ex rel. Westinghouse Electric v. James Stewart Co.*, 336 F.2d 777, 780–81 (9th Cir.1964). The bonding company presented facts which considered in the light most favorable to it would demonstrate that Aurora defrauded it. Still, this only raises an issue of fact immaterial to this case because Fireman's Fund failed to present evidence of detriment, a prerequisite to estoppel.

*Moyer v. United States*, 206 F.2d 57 (4th Cir.1953), holds that a subcontractor or materialman who signs false reports of payments to employees or creditors may be estopped from asserting a Miller Act claim. 206 F.2d at 60. But the plaintiff is estopped only where the defendant relied to its detriment on the fraudulent reports. *Id.* See also *United States for the use of Youngstown Welding v. Travelers Indemnity Co.*, 802 F.2d 1164, 1168 (9th Cir. 1986)(in order to estop Miller Act claimant, prime contractor must show actual detriment).

Fireman's Fund argues that, because Aurora failed to pay its employees even though the certified payroll represented that they had been paid, the prime contractor and bonding company relied to their detriment on the payroll. But, as the district court noted, the possibility of duplicative liability to these creditors can be avoided by interpleading the fund it owes. Furthermore, the one-year statute of limitations under the Miller Act has long since expired and no other claims against the bond have been filed.

We must therefore conclude that Fireman's Fund failed to introduce evidence of actual detrimental reliance that raises a genuine issue of material fact on the estoppel theory.

## IV. FRAUDULENT INDUCEMENT TO AGREE TO ARBITRATE

Fireman's Fund contends that Aurora induced Nunvik to sign the interim agreement by fraudulently representing that it would pay its employees and other creditors and by misrepresenting Aurora's corporate status. Thus, argues appellant, the evidence creates an issue of material fact whether the arbitration provision in the agreement is unenforceable.

The Alaska Supreme Court already decided this issue: "Our review of the record persuades us that there is no evidentiary support for Nunvik's claim that it was fraudulently induced to enter into the interim arbitration agreement." *Nunvik Construction, Inc. v. Aurora Painting*, No. S–1211, unpublished Memorandum Opinion at 5, 7 n. 2 (Alaska 1986). Furthermore, noted the Alaska court, the arbitration provision in the original subcontract between Nunvik and Aurora was sufficient to enforce arbitration between the parties, even though the provision referred to nonexistent procedures for the arbitration proceedings. *Id.* The Alaska Supreme Court's holding on this issue, like its determination of the principal's liability, is binding on Fireman's Fund.

### Conclusions

We reject the bonding company's attempt to relitigate several issues previously litigated between its principal and its claimant. Although the Miller Act creates one forum for all claims against a bond in order to save the surety from liability in excess of the bond, it does not give sureties the right to relitigate all facets of liability pre-

viously determined in other fora. The surety in this case had notice and an opportunity to contest its principal's liability to the claimant and in fact tendered defense to the principal. Under these circumstances, the principles of res judicata and collateral estoppel are applicable. The district court judgment is

AFFIRMED.