The **UNITED STATES of America for the Use and Benefit of CAPITAL ELECTRIC CONSTRUCTION COMPANY, INC., and Capital Electric Construction Co., Inc., Plaintiffs,**

v.

**POOL AND CANFIELD, INC., and Safeco Insurance Company of America, Defendants.**

No. 91–0596–CV–W–2.

United States District Court, W.D. Missouri, W.D.

Dec. 14, 1991.

Thomas M. Moore, Darcy V. Hennessy, Moore & Bucher, P.C., Kansas City, Mo., for plaintiff.

Robert A. Babcock, James S. Kreamer, Baker & Sterchi, Kansas City, Mo., for defendant Pool and Canfield, Inc.

Robert A. Babcock, James S. Kreamer, Baker & Sterchi, Kansas City, Mo., Lewis Melahn, Div. of Ins., State of Mo., Jefferson City, Mo., for defendant Safeco Ins. Co. of America.

## ORDER

GAITAN, District Judge.

Pending before the court is Safeco Insurance Company of America's (hereafter defendant) motion for a preliminary injunction prohibiting Capital Electric from proceeding to arbitrate its claims against defendant. It is defendant's contention that it cannot be compelled to arbitrate any claims arising in the above titled action because (1) it is not a party to any arbitration agreement with the plaintiff, and (2) as a Miller Act surety, the exclusive jurisdiction for plaintiff's action is federal district court.

The defendant is seeking a preliminary injunction to prevent plaintiff from compelling defendant into arbitration. Both parties have correctly noted that whether a request for a preliminary injunction should be granted involves judicial consideration of: (1) the threat of irreparable harm; (2) the balance of hardships between this harm and the injury that granting the injunction will inflict on the other parties; (3) the chances the movant has of success on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. CL Systems, Inc.,* 640 F.2d 109, 114 (8th Cir.1981). The court finds, after consideration of the above factors, that injunctive relief preventing defendant Safeco from being forced into compulsory arbitration is warranted.

The United States Court of Appeals, Eighth Circuit has held that a two-part analysis should be used to determine whether a party can be compelled into arbitration. "[T]he 'first task ... is to determine whether the parties agreed to arbi-

trate that dispute. If so, the next step is to consider whether some external legal constraint forecloses arbitration of those claims." *Nordin v. Nutri/System, Inc.*, 897 F.2d 339, 344 (8th Cir.1990) (quoting *Gans v. Merrill Lynch Futures, Inc.*, 814 F.2d 493, 495 (8th Cir.1987); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). In evaluating the first task, the Supreme Court has noted that " 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.' " *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)); *see also Nordin*, 897 F.2d at 344. Further, " 'the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.' " *AT & T*, 475 U.S. at 649, 106 S.Ct. at 1418 (quoting *United Steelworkers*, 363 U.S. at 582–83, 80 S.Ct. at 1352–53). The Eighth Circuit concluded in *Nordin* that "it was for the district court, not an arbitrator, to determine whether there was in fact an agreement to arbitrate...." 897 F.2d at 344.

█ In the present case there is no dispute that the agreement to arbitrate exists only in the contract between the plaintiff/subcontractor, Capital Electric, and the defendant/general contractor, Pool & Canfield. There exists no agreement between plaintiff and defendant, Safeco, obligating Safeco to arbitrate plaintiff's claims. Plaintiff argues that the arbitrator should be allowed to determine whether defendant Safeco can be compelled to arbitrate. However, this is clearly against the dictates of *AT & T* and *Nordin*. This court finds that Safeco has not contractually agreed to arbitrate any claims arising out of its surety relationship with Pool & Canfield, nor has plaintiff ever asserted otherwise. Accordingly, plaintiff has failed to met the "first task" set forth in *Nordin*. For this reason alone the court could find that defendant cannot be compelled into

arbitration. However, even assuming defendant did agree to arbitrate claims arising out of its suretyship, there is an "external legal constraint forecloses[ing] arbitration of those claims." *Nordin v. Nutri/System, Inc.*, 897 F.2d 339, 344 (8th Cir.1990).

The surety relationship existing between defendant and Pool & Canfield arises out of the Miller Act, specifically that portion of the act embodied in 40 U.S.C. § 270a (1988). Section 270a provides that any contract for public works of the United States shall be supported by "performance" and "payment" surety bonds which generally serve to protect "all persons supplying labor and material in the prosecution of the work provided for in said contracts...." 40 U.S.C. § 270a(a)(2) (1988). Defendant contracted with Pool & Canfield to act as a "performance" and "payment" surety to insure payment to subcontractors such as plaintiff. As a Miller Act surety, however, plaintiff's legal recourse for seeking compensation from defendant is exclusively limited to federal district court. 40 U.S.C. § 270b states that every action initiated by a subcontractor such as plaintiff "shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere...." 40 U.S.C. § 270b(b) (1988).

█ While the Eighth Circuit has not specifically addressed the question of whether a Miller Act surety can be compelled into arbitration to the exclusion of federal jurisdiction, it has held that "as between a state court ... and a federal court ... the statute is jurisdictional in character and operation and places exclusive jurisdiction over Miller Act bond suits in the federal tribunal." *Koppers Co. v. Continental Casualty Co.*, 337 F.2d 499, 506 (8th Cir.1964). Others courts, however, have faced the precise issue before this court and determined that, barring waiver of the Miller Act, suits against Miller Act sureties must be adjudicated in federal court. In *United States ex rel Portland Constr. Co. v. Weiss Pollution*

Control Corp., 532 F.2d 1009 (5th Cir. 1976), the court held that "Argonaut, the surety, was not a party to the subcontract that provided for arbitration and could not be joined as a party in the arbitration proceedings. Portland may avail itself of its Miller Act remedy against Argonaut only by way of a Miller Act suit in federal court." Id. at 1012 (citing United States Fidelity & Guar. Co. v. Hendry Corp., 391 F.2d 13 (5th Cir.1968), cert. denied 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968)); see also United States ex rel Owens–Corning Fiberglass Corp. v. Brandt Constr. Co., 826 F.2d 643, 645 (7th Cir.1987), cert. denied, Brandt v. Uptown Nat. Bank, 484 U.S. 1026, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988); see generally United States ex rel Pensacola Constr. Co. v. St. Paul Fire and Marine Insurance Co., 705 F.Supp. 306, 311 (W.D.La.1988) (holding that although the Miller Act provides exclusive jurisdiction to federal district courts where Miller Act sureties are involved, this protection for sureties can be waived).

This court finds that the Miller Act is an "external legal constraint forecloses[ing] arbitration." Nordin v. Nutri/System, Inc., 897 F.2d 339, 344 (8th Cir.1990) (quoting Gans v. Merrill Lynch Futures, Inc., 814 F.2d 493, 495 (8th Cir.1987)). Although other courts have found that Miller Act protection can be waived by the surety, "[w]ithout such a waiver, this court may not compel St. Paul to change forums ... or to arbitrate." United States ex rel Pensacola Constr. Co. v. St. Paul Fire and Marine Insurance Co., 705 F.Supp. 306, 311 (W.D.La.1988).[1]

In the present action, defendant has done nothing that could be construed as waiving its right to exclusive jurisdiction in federal court. Accordingly, this court finds that defendant cannot be compelled into arbitration with the plaintiff.

■ The defendant is seeking a preliminary injunction to prevent plaintiff from compelling defendant into arbitration. Both parties have correctly noted that the court must consider four factors in when evaluating a motion for injunctive relief: (1) the threat of irreparable harm; (2) the balance of hardships between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability of movant's success on the merits; and (4) the public interest. Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 114 (8th Cir.1981). Plaintiff disputes that the above factors weigh in favor of granting an injunction.

Citing primarily Emery Air Freight Corp. v. Local Union 295, 786 F.2d 93, 100 (2d Cir.1986), the plaintiff argues that defendant cannot show that being forced into arbitration presents irreparable harm. Emery states that "arbitration by itself imposes no such injury to the resisting party, except perhaps in 'extraordinarily rare' circumstances ... the monetary cost of arbitration certainly does not impose such legally recognized irreparable harm." 786 F.2d at 100 (citing Renegotiation Board v. Bannercraft Closing Co., 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974)). While the court does not disagree with the holding in Emery, it is inapplicable to the present action for three reasons. First, in Emery the party requesting injunction had contractually agreed to arbitration. 786 F.2d at 94. Second, at issue was whether this agreement to arbitrate remained viable after a collective bargaining agreement expired. Id. at

---

1. In United States ex rel. Aurora Painting, Inc. v. Fireman's Fund Ins. Co., 832 F.2d 1150, 1152 (9th Cir.1987), the Ninth Circuit held, as paraphrased by the court in Pensacola Construction, that "a Miller Act surety who did not participate in an arbitration proceeding against the surety's indemnitee was collaterally estopped once the arbitration award was affirmed by a state court judgment." Pensacola Construction, 705 F.Supp. at 313 n. 7. This is a clear break from the holding in United States Fidelity & Guar. Co. v. Hendry Corp., 391 F.2d 13 (5th Cir.1968), cert.

denied 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968), which is the cornerstone case concerning the exclusivity of federal jurisdiction over Miller Act sureties. While Aurora Painting creates a split between the Ninth and Fifth circuits and poses an interesting legal question, it does not affect the outcome of the present action. Aurora Painting was decided using the full faith and credit statute, 28 U.S.C. § 1738 (1988), after a final decision by a state court. 832 F.2d at 1152–53. Therefore, it is legally and factually inapplicable to the issues in the present action.

97 (the court held that "such an obligation to arbitrate can survive contract expiration"). In this case, the issue is fundamentally different: whether defendant, who has never agreed to arbitration with plaintiff, can be compelled to do so. Third, the party in *Emery* was not a Miller Act surety with a statutory right to an exclusive federal forum. For these reasons, the court declines to follow *Emery.*

■ Defendant, if forced into arbitration, stands to lose the statutory right guaranteed by 40 U.S.C. § 270b; the right to have claims against it as a Miller Act surety adjudicated *exclusively* in a federal forum. No legal or equitable remedy could fully restore that right if defendant is compelled to arbitrate. Plaintiff argues that defendant will have "the opportunity to challenge the arbitrability of the claims made against it once award is made," and that "mere litigant expense, even if substantial, does not constitute irreparable injury." *See Citadel Trading Co. v. Bagely,* 440 F.Supp. 925 (E.D.Mo.1977). These arguments miss the point. Arbitration must be founded upon consent by those bound by the proceedings. *United States ex rel Pensacola Constr. Co. v. St. Paul Fire and Marine Insurance Co.,* 705 F.Supp. 306, 311 (W.D.La.1989). Defendant has never consented to be so bound. It would be irrational to hold that there is no irreparable harm in forcing a party to be subjected to the cost and hardship of a meaningless proceeding simply because it could be later reviewed by a proper forum.

The court also finds that the balance of hardship between the parties weighs slightly in favor of granting the injunction. The court acknowledges the plaintiff's hardship in arbitrating with Pool & Canfield before prosecuting an action against defendant in federal court. Defendant's hardship of arbitrating claims it never intended to arbitrate, however, outweigh those experienced by plaintiffs. Other federal courts have stayed judicial proceedings pending arbitration where the plaintiff brought a federal action against a Miller Act surety but also agreed to arbitrate with the general contractor. *See United States ex rel. DeLay*

*& Daniels, Inc. v. American Employers Ins. Co. of Massachusetts,* 290 F.Supp. 139, 140 (D.S.C.1968). Therefore, the court finds that the hardship plaintiff will experience by this order is not so great as to prevent issuance of the preliminary injunction.

As to the remaining *Dataphase* factors, the above Order indicates that defendant has a strong likelihood of success on the merits on a claim that it cannot be compelled to arbitrate. Further, the court believes that not so compelling defendant is in the public interest. Insuring defendant's rights under § 270b to a consistent and predictable federal forum effectuates congressional intent and assures that Miller Act sureties will be protected from multiple lawsuits in the various forums in which Pool & Canfield might be involved. *See Pensacola Construction,* 705 F.Supp. at 313.

■ Plaintiff's attempt to improperly compel defendant into arbitration is sufficient grounds for granting a preliminary injunction. *Nordin v. Nutri/System, Inc.,* 897 F.2d 339, 345–46 (8th Cir.1990).

Accordingly, it is ORDERED that defendant, Safeco's, request for a preliminary injunction prohibiting plaintiff, Capital Electric, from proceeding to arbitrate its claims against defendant is hereby granted.