**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DISH NETWORK, LLC, a Colorado
limited liability company,

     Plaintiff - Appellee,

v.

SUJIT GHOSH, an individual resident of
New York,

     Defendant - Appellant,

and

OPEN ORBIT CORPORATION,
a New York company,

     Defendant.

No. 18-1131
(D.C. No. 1:16-CV-02083-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **MATHESON**, Circuit Judges.
_____

Mr. Sujit Ghosh, appearing pro se, appeals the district court's judgment

granting DISH Network, LLC's amended motion to confirm an arbitration award

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against him based on his personal guaranty of defendant Open Orbit Corporation's performance under an agreement with DISH, even though he was not a party to the arbitration. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

On March 12, 2012, Mr. Ghosh, then President of Open Orbit, agreed to the terms of a Personal Guaranty whose purpose was "to induce DISH . . . to enter into the DISH Network Retailer Agreement" with Open Orbit. R., Vol. 2 at 195. The Personal Guaranty provided that Mr. Ghosh "personally, unconditionally and irrevocably guarantee[d] the full and timely performance of and by [Open Orbit] for all purposes under the Retailer Agreement." *Id.* DISH and Open Orbit entered into a Retailer Agreement effective January 1, 2013, which authorized Open Orbit to market, promote, and solicit orders for DISH subscription satellite television programming. *Id.* at 188. The Personal Guaranty provided that "[a]ny and all disputes, controversies or claims arising out of or in connection with this Personal Guaranty shall be resolved by arbitration . . . in accordance with both the substantive and procedural laws of Title 9 of the U.S. Code ('Federal Arbitration Act') and the Commercial Arbitration Association," and that the arbitration would be conducted by a three-arbitrator panel whose decision would be "final and binding on the parties." *Id.* at 195. The Retailer Agreement contained materially identical arbitration provisions. *See id.* at 190.

In 2015, DISH initiated an arbitration proceeding against Open Orbit based on violations of the Retailer Agreement. Mr. Ghosh was not a party to the arbitration,

2

but in February 2016, he emailed the arbitrator a request to remove his name from the case and "from all kind[s] of responsibilities." R., Vol. 1 at 85. He asserted that as of the effective date of the Retailer Agreement, he was not an Open Orbit officer or shareholder, that the alleged violations of the Retailer Agreement occurred after he had parted from the company, and that the company's current president and sole owner had issued an indemnity bond that purported to indemnify Mr. Ghosh from claims against Open Orbit and release him from any personal guarantees as of January 1, 2013. He reiterated his position a couple of weeks later in a second email.

Because Mr. Ghosh was not a party to the arbitration, the arbitrator treated the request to remove his name from the case as a request to remove him as a witness and denied it. The arbitrator also treated the request as seeking nullification of the Personal Guaranty and denied it because the Personal Guaranty expressly provided that any changes had to be "'agreed to and signed by all Parties to [it,]'" and there was no later agreement between DISH and Mr. Ghosh cancelling the Personal Guaranty. *Id.*, Vol. 2 at 198 (quoting *id.* at 195). The arbitrator later denied two requests by Mr. Ghosh for reconsideration of his request to cancel his Personal Guaranty. *Id.* at 199, 200. In denying the second such request, the arbitrator informed Mr. Ghosh that unless he produced evidence of a written agreement signed by DISH releasing him from the Personal Guaranty, the arbitrator would not respond to any more requests from Mr. Ghosh for the same relief.

Ultimately, the arbitrator entered an award in favor of DISH and against Open Orbit for just over $220,000, plus post-award interest. *Id.* at 204. In his decision, the

3

arbitrator noted that in response to DISH's motion for fees and costs, Mr. Ghosh had submitted a letter "again voicing disagreement with [the] prior order regarding his Personal Guaranty." *Id.* at 203.

DISH then sought confirmation of the arbitration award in federal court, naming both Open Orbit and Mr. Ghosh as defendants. Open Orbit did not appear, and DISH sought a default judgment against it. A magistrate judge recommended granting default judgment against Open Orbit in the full amount of the award. Mr. Ghosh filed a motion for relief from the award, arguing, among other things, that he was not a party to the arbitration. The magistrate judge recommended granting Mr. Ghosh's motion for relief in part and dismissing him from the case without prejudice to DISH's ability to file either a separate action against Mr. Ghosh or an amended application to confirm the arbitration award against him in accordance with caselaw allowing confirmation against nonparties under certain circumstances. Among the circumstances the magistrate judge identified is where "the person seeking confirmation pleads a claim in the confirmation proceeding to extend liability without involving extensive factual issues." R., Vol. 2 at 60 (*citing Orion Shipping & Trading Co. v. E. States Petrol. Corp.*, 312 F.2d 299, 301 (2d Cir. 1963)).

The district judge accepted the magistrate judge's recommendations. DISH then filed an amended confirmation application asserting that the court could confirm the arbitration award against Mr. Ghosh without extensive factfinding and based on the Personal Guaranty, the validity of which Mr. Ghosh could not deny because the

4

arbitrator, at Mr. Ghosh's request, had determined that there was no later agreement between DISH and Mr. Ghosh cancelling the Personal Guaranty.

Based on Mr. Ghosh's argument that he could not be compelled to pay the award against Open Orbit unless there was a specific award entered against him pursuant to the arbitration clause in the Personal Guaranty, the court ordered DISH to show cause why it should not compel the two parties to arbitrate their dispute. DISH responded that the court could determine Mr. Ghosh's liability under the Personal Guaranty based on documents and admissions already before the court and without extensive factfinding, and therefore DISH should not have to go through another arbitration. DISH observed that Mr. Ghosh had purposefully availed himself of the arbitrator's authority and jurisdiction when he repeatedly asked the arbitrator to cancel the Personal Guaranty with the understanding that the arbitrator's decision would be "final and binding on the parties," *id.*, Vol. 3 at 50, and Mr. Ghosh had expressed "full confidence in [the arbitrator's] judgment," *id.*, at 51, and admitted he had provided "all the required documents and evidences [sic] in support of [his] claim," *id.* at 55.

The district court concluded that even though Mr. Ghosh was not a party to the arbitration, the award should be confirmed against him because he had notice of the arbitration and participated in it, the arbitrator decided the issue against Mr. Ghosh, and issue preclusion barred Mr. Ghosh from relitigating the issue before another arbitrator. The court therefore granted the amended application to confirm the arbitration award against Mr. Ghosh, who now appeals.

5

**DISCUSSION**

"Judicial review of arbitration . . . decisions is extremely limited" and "among the narrowest known to law." *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1275 (10th Cir. 2005) (internal quotation marks omitted). That said, we are not called on in this appeal to review the arbitrator's denial of Mr. Ghosh's request to nullify the Personal Guaranty. Instead, Mr. Ghosh challenges the district court's decision to confirm the arbitration award against him even though he was not a party to the arbitration. In considering that challenge, we examine the "district court's factual findings in confirming the award for clear error and its legal conclusions de novo." *Id.* And because Mr. Ghosh is pro se, we construe his filings liberally but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Mr. Ghosh's primary arguments focus on the fact that he was not a party to the arbitration and that the Personal Guaranty contains its own mandatory arbitration provision. He first contends that an award could not be confirmed against him unless there was an arbitration in accordance with the procedure outlined in the Personal Guaranty—one where he receives written notice of the arbitration, the arbitration is conducted by a panel of three arbitrators, and an arbitration award is entered specifically against him. We disagree.

Although it is undisputed that Mr. Ghosh was not a party to the arbitration, he had notice of it and requested specific relief from the arbitrator—nullification of the Personal Guaranty because the Retailer Agreement was executed after Mr. Ghosh

6

was no longer an Open Orbit officer or shareholder and because the company's current owner had indemnified Mr. Ghosh from any liability arising from the Personal Guaranty. The arbitrator concluded that only the parties could alter the terms of the Personal Guaranty by a written, signed agreement, and there was no evidence that had occurred. Mr. Ghosh has not challenged that conclusion. And rather than initiating an arbitration to dispute liability under the Personal Guaranty, Mr. Ghosh elected to appear in the existing arbitration, where he professed faith in the arbitrator, claimed to have provided all the evidence relevant to his request to nullify or cancel his liability under the Personal Guaranty, and acknowledged that the arbitrator's decision would be final and binding. Moreover, before the district court, Mr. Ghosh stated that "there is no allegation of any wrong doing by the Arbitrator nor any procedure was flawed." R., Vol. 2 at 221. For these reasons, Mr. Ghosh cannot now be heard to argue that he should have been afforded the opportunity to separately arbitrate his liability under the Personal Guaranty before a three-member panel of arbitrators.[1]

Next, Mr. Ghosh attempts to distinguish two cases the district court relied on, *United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp.*, 995 F.2d 656 (6th Cir. 1993), and *United States ex rel. Aurora Painting, Inc. v. Fireman's Fund Insurance Co.*, 832 F.2d 1150 (9th Cir. 1987). Mr. Ghosh observes that there is no

---

[1] The parties have not explained, nor does the record reflect, why the arbitration between DISH and Open Orbit was decided by only one arbitrator rather than a panel of three arbitrators, as specified in the Retailer Agreement.

indication that the nonparty in either of those cases had a separate guaranty in favor of the party seeking confirmation that contained a mandatory arbitration provision. We agree with his reading of those cases, but the district court relied on them only for the general "proposition that a non-party surety *can* be bound by the outcome of arbitration proceedings," R., Vol. 3 at 85 (emphasis added). The court then examined whether the circumstances of Mr. Ghosh's case warranted enforcing the arbitration award against him and concluded that they did because, despite not being a party to the arbitration, he "had notice of it and participated in it" and "specifically and repeatedly asked the arbitrator to address the validity of the personal guaranty he signed." *Id.* We therefore conclude that the district court did not improperly rely on the two cases.

Mr. Ghosh further argues that because he was not a party to the arbitration, one of the four elements of issue preclusion is not present—that "the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication," *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (internal quotation marks omitted).[2] The district court concluded that this element was met because Mr. Ghosh "raised and actually litigated

---

[2] The other three elements are "the issue previously decided is identical with the one presented in the action in question," "the prior action has been finally adjudicated on the merits," and "the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Park Lake Res. Ltd. Liab. Co.*, 378 F.3d at 1136 (internal quotation marks omitted). Mr. Ghosh has not challenged the district court's conclusion that these elements were met.

the validity of his personal guaranty in the arbitration" even though he "was not a party to the arbitration itself." R., Vol. 3 at 86. We see no error.

In limited circumstances, "the rule against nonparty preclusion is subject to exceptions." *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008). Two are relevant here. First, "'a person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement.'" *Id.* (brackets omitted) (quoting 1 Restatement (Second) of Judgments § 40 (1980)). As noted, Mr. Ghosh acknowledged that the arbitrator's decision regarding nullification of the Personal Guaranty would be "final and binding on the parties." R., Vol. 3 at 50. Second, "a nonparty is bound by a judgment if [he] 'assumed control' over the litigation in which that judgment was rendered," *Taylor*, 553 U.S. at 895 (brackets omitted) (quoting *Montana v. United States*, 440 U.S. 147, 154 (1979)). "Because such a person has had 'the opportunity to present proofs and argument,' he has already 'had his day in court' even though he was not a formal party to the litigation." *Id.* at 895 (quoting Restatement (Second) Judgments § 39, cmt. a (1980)). Although Mr. Ghosh did not assume control over the arbitration on behalf of Open Orbit, he did so on his own behalf by affirmatively and repeatedly asking the arbitrator to nullify the Personal Guaranty, and he made multiple efforts to present proofs and argument.

Either of these exceptions is sufficient to support the district court's determination that the party/privity element of issue preclusion was met. We therefore conclude that the district court properly considered the role of issue

9

preclusion in deciding that Mr. Ghosh was "bound by the arbitrator's decision that the guaranty was valid," that there "were no factual or legal issues regarding [his] liability for Open Orbit's obligations to DISH," and that the only thing remaining was for the "court to enforce the arbitration award against [him]." R., Vol. 3 at 86. *Cf. Orion Shipping & Trading Co.*, 312 F.2d at 301 (declining to extend confirmation of award to nonparty because whether nonparty was alter ego of party to arbitration or had consented to arbitration was too complex to hear in a confirmation action).

Further, because Mr. Ghosh elected to present his proofs and argument in the arbitration between DISH and Open Orbit, we will not now consider his challenges to the validity of the Retailer Agreement and its relation to the Personal Guaranty, none of which he raised in the arbitration.[3]

Finally, Mr. Ghosh alleges that Open Orbit's owner had settlement discussions with DISH, and Open Orbit has liability insurance to cover the award. These alleged facts, unsupported by any record citation, are irrelevant to the issue on appeal.

---

[3] Those challenges are: (a) he never signed the Retailer Agreement (he in fact told the arbitrator he had signed it, *see* R., Vol. 3 at 48); (b) DISH doctored the Retailer Agreement by manually entering the effective date without knowledge or consent of the other parties; (c) he never consented to linking the Retailer Agreement with the Personal Guaranty; and (d) a retailer number that appears on the Retailer Agreement had to be mentioned in the Personal Guaranty to show that the Retailer Agreement was part of the Personal Guaranty.

10

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge